In the Matter of the Application of the WESTCHESTER HOUSING CORPORATION, Petitioner, for a Certiorari Order against WALTER E. BUNNELL, Chairman, and Others, Constituting the Zoning Board of Appeals of the Village of Pelham, Westchester County, New York, and Another, Respondents.

Supreme Court, Westchester County, September 27, 1927.

Municipal corporations — zoning ordinances — certiorari — zoning resolution of village of Pelham prohibited erection of building in residence district except " for a private dwelling for one family only   *   *   * " — rejection of permit is unreasonable exercise of zoning power where plan shows petitioner's purpose is to erect houses in four groups of six each with party walls dividing houses one from another with separate connections for sewers, water and gas lines — board of appeals should have exercised discretion under Village Law, § 179-b, par. 5.

The rejection of petitioner's application for a permit to erect in the village of Pelham twenty-four one-family houses, for the reason that the erection of the buildings would violate the provisions of the zoning resolution of said village, prohibiting the construction of a building in the residence district thereof other than a building " arranged, intended or designed exclusively for a private dwelling for one family only   *   *   *," is an unreasonable exercise of the zoning power, where the plans show it is petitioner's purpose to erect the houses in four groups of six each with party walls dividing the houses one from another with separate connections for sewers, for water and gas lines, electric service and individual heating plants.

While the intent and meaning of the resolution is that a dwelling erected under it for one family only should be detached from another such dwelling, the fact that the land upon which it is proposed to build these houses is located on the street immediately west of the main street where business places and apartment houses are permitted and exist at present, warrants a finding that the zoning board of appeals might well exercise the discretion vested in it under paragraph 5 of section 179-b of the Village Law.

REHEARING of the certiorari to review the action of the zoning board of appeals of the village of Pelham, N. Y., in affirming the action of the building inspector of said village rejecting petitioner, relator's applications for permission to erect on certain premises in said village twenty-four one-family houses. (Opinion on former hearing, 130 Misc. 586.)

*Manning Stires*, for the petitioner.

*Anthony M. Menkel*, for the respondents.

Seeger, J. The respondents contend that the applications and the proposed buildings violate the zoning ordinance of the village, which provides as follows: " In the residence district no building shall be erected other than a building * * * arranged, intended or designed exclusively for a private dwelling for one family only * * *."

The houses proposed to be built are in four groups of six each upon a block of land. Each group of six houses has party walls dividing the houses from one another with separate connections for sewers, for introduction of water and gas lines, electric service and individual heating plants. Each is a row of six houses joined together situated in the center of the block with yard room in the rear. The land upon which it is proposed to build these houses is located on the street immediately west of a main street where business places and apartment houses are permitted and exist at present and while said facts are not at all controlling, yet there is in addition a moving picture theatre on the corner of this street, the rear of which is near relator's land.

With the exception only of relator's property described in the petition and which I have personally inspected, I am of opinion that there is nothing unreasonable to be found in the section of the zoning resolution of the village of Pelham herein above set forth, and while the wording might perhaps be further strengthened, nevertheless, the fact remains that the clear intent and meaning is that a dwelling erected under said section for one family only shall be detached from another such dwelling, and that such detachment shall be not merely by having party walls between such dwellings but actual spaces, well defined; provision, however, as I understand it from counsel has been made to meet this situation by an amendment to the building code.

Therefore, as to the property of the relator, and as to that only, it would appear that this is one of those cases in which the zoning board of appeals might well have exercised the discretion and power vested in it under the 5th paragraph of section 179-b of the Village Law (added by Laws of 1923, chap. 564, as amd. by Laws of 1927, chap. 650). And, under the circumstances, it seems to me that the construction placed upon the quoted section of the zoning resolution by the building inspector and the board of appeals is incorrect and unreasonable as to relator's land, and that a zoning resolution prohibiting the erection of the dwellings proposed by relator on its particular plot of land described in its petition is an unreasonable exercise of the zoning power. The decision is confined, however, strictly to relator's land herein. The petition is granted in conformity with this modified decision and upon the

understanding that the plans shall conform to the requirements of the building code of the village of Pelham in effect upon the date of the original filing of applications therefor. No costs. Settle order on notice.